IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| INDUSTRIAL & CRANE SERVICES, INC. | § § § | PLAINTIFF |
| v. | § § | CIVIL NO. 1:14cv255-HSO-RHW |
| CRANE & RIG SERVICES, LLC, DAVIS MOTOR CRANE SERVICES, INC., and CHRISTOPHER B. ANDERSON | § § § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT DAVIS MOTOR CRANE SERVICES, INC.'S  MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION AND DISMISSING
PLAINTIFF INDUSTRIAL & CRANE SERVICES, INC.'S CLAIMS AGAINST
DAVIS MOTOR CRANE SERVICES, INC. WITHOUT PREJUDICE**

BEFORE THE COURT is Defendant Davis Motor Crane Services, Inc.'s

Motion to Dismiss [6] for lack of personal jurisdiction pursuant to Rule 12(b)(2) of

the Federal Rules of Civil Procedure.  Plaintiff Industrial & Crane Services, Inc.,

has filed a Response [10], and Davis Motor Crane Services, Inc., has filed a Reply

[11].  Having considered the parties' submissions, the record, and relevant legal

authorities, the Court finds that the Motion to Dismiss for Lack of Personal

Jurisdiction [6] should be granted, and Plaintiff Industrial & Crane Services, Inc.'s

claims against Davis Motor Crane Services, Inc., should be dismissed without

prejudice.

I. BACKGROUND

Plaintiff Industrial & Crane Services, Inc. ("Plaintiff"), is a Mississippi

corporation which performs repairs and maintenance on industrial cranes at its

principal place of business in Pascagoula, Mississippi.  Compl. ¶ 2, Ex. "A" [1-2].  In May 2013, Plaintiff entered contract negotiations with Defendant Crane & Rig Services, LLC ("Crane & Rig"), a Pennsylvania limited liability company, and its owner, Christopher Anderson ("Anderson"), a resident of the State of Pennsylvania. *Id*. at ¶¶ 3, 5, 6-10.  Crane & Rig sought to hire Plaintiff to work as a subcontractor on a project known as "Grove AT400XL Rebuild #1 (Unit 422)" ("the Project"), which involved repairs to a Grove model AT400XL crane ("the Grove Crane") owned by Defendant Davis Motor Crane Services, Inc. ("Davis Crane"), a Texas corporation with its principal place of business in Texas.  *Id*. at ¶ 10, Ex. "B" [1-2].

On or about May 31, 2013, Crane & Rig transported the Grove Crane from Texas to Plaintiff's yard in Pascagoula, Mississippi, and Plaintiff began work on the Project as Crane & Rig's subcontractor.  *Id*. at ¶ 10, Exs. "A," "B," and "C" [1-2].  A Crane & Rig employee remained at Plaintiff's yard throughout the Project and submitted weekly reports to Davis Crane.  *Id*. at ¶¶ 15-16.  Plaintiff completed its work on or about September 26, 2013, and Crane & Rig transported the Grove Crane back to Texas for a final inspection by Davis Crane.  *Id*. at ¶¶ 23-25.  On or about September 27, 2013, Davis Crane inspected the Grove Crane upon its delivery in Texas, and "noted issues related to the quality of work performed."  *Id*. at ¶ 26.  Plaintiff alleges that, as a result, it has yet to be paid in full by Crane & Rig for the repair work performed pursuant to the Project.  *Id*. at ¶¶ 34-39.

Plaintiff filed its Complaint [1-2] on May 2, 2014, in the County Court of Jackson County, Mississippi.  The Complaint advances claims for breach of contract

and unjust enrichment against Crane & Rig and Davis Crane. *Id.* at ¶¶ 33-40, 45-49. The Complaint also asserts a claim on open account against Crane & Rig and a fraud claim as to Anderson. *Id.* at ¶¶ 41-44, 50-53. Davis Crane removed the case to this Court on June 30, 2014, on the basis of diversity jurisdiction. Notice of Removal 1 [1].

Davis Crane now seeks dismissal of Plaintiff's claims against it, reasoning that the Court lacks personal jurisdiction over Davis Crane. Mem. in Supp. of Mot. to Dismiss 1-3 [7]. Davis Crane posits that neither Mississippi's long arm statute nor federal due process support the exercise of personal jurisdiction over Davis Crane. *Id.* at 6-11. Plaintiff responds that the Court has personal jurisdiction over Davis Crane because Davis Crane knew the Grove Crane would be transported to Mississippi to be repaired and because Davis Crane received various benefits from having the Grove Crane repaired in Mississippi. Resp. in Opp'n 6-9 [10].

## II. DISCUSSION

A.  Legal Standard

"Where a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to . . . [Rule] 12(b)(2)." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). "[T]he party seeking to invoke the power of the court . . . bears the burden of establishing jurisdiction but is required to present only *prima facie* evidence." *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012) (quotation omitted). "In determining whether a *prima facie* case exists, this Court must accept as true [a plaintiff's] uncontroverted allegations, and

resolve in its favor all conflicts between the jurisdictional facts contained in the parties' affidavits and other documentation." *Id.* at 219-20. "In diversity cases under 28 U.S.C. § 1332, the exercise of personal jurisdiction over a non-resident defendant must comport with both federal constitutional due process requirements and the long-arm statute of the state in which the district court is located." *Companion Prop. and Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) (citing *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006)).

B.    Mississippi's Long-Arm Statute

The Mississippi long-arm statute provides, in relevant part, as follows:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, . . . or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. Mississippi courts interpret this portion of the statute as permitting the exercise of personal jurisdiction over nonresident defendants who have (1) entered into a contract to be performed in Mississippi or (2) conducted business in Mississippi. *Dunn v. Yager*, 58 So. 3d 1171, 1184 (Miss. 2011) (quoting *Yatham v. Young*, 912 So. 2d 467, 469-70 (Miss. 2005)). If Davis Crane is amenable to jurisdiction under the Mississippi long-arm statute, it would be because Davis Crane either entered into a contract to be performed in Mississippi or conducted business in Mississippi.

4

C.    Due Process Clause

In assessing the due process component of personal jurisdiction in the context of diversity jurisdiction, the United States Court of Appeals for the Fifth Circuit has held that

> [p]ersonal jurisdiction comports with due process when first, the defendant has the requisite minimum contacts with the forum state and second, requiring the defendant to submit to jurisdiction in the forum state would not infringe on "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 [(1987)]; [*Int'l*] *Shoe Co. v. Washington*, 326 U.S. 310, 316 [(1945)].   A non-resident defendant establishes such minimum contacts by purposefully availing himself of the benefits of the forum state, so that he "should reasonably anticipate being haled into court" there. [*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)]; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 [1980)].

> Personal jurisdiction may be "specific" or "general".   For specific personal jurisdiction, a plaintiff makes a *prima facie* showing of minimum contacts when his claim arises from the defendant's contact with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, [414] (1984).

*Palermo*, 723 F.3d at 559.   Because Plaintiff concedes that the facts of this case do not support a finding of general personal jurisdiction, the issue is whether Davis Crane had minimum contacts with the State of Mississippi sufficient to give rise to specific personal jurisdiction.   Resp. in Opp'n 8-9 [10].

D.    Analysis

      1.    Personal Jurisdiction Under Mississippi's Long Arm Statute

      a.    The Contract Prong of Mississippi's Long Arm Statute

      (i)    Third Party Beneficiary Argument

In opposing Davis Crane's Motion [6], Plaintiff appears to allege that Davis Crane was an intended third party beneficiary of the contract between Plaintiff and Crane & Rig and that Davis Crane's status as a third party beneficiary renders it subject to personal jurisdiction in Mississippi.[1]  Resp. in Opp'n 7 [10].  Plaintiff, however, has not established that Davis Crane was an intended third party beneficiary of the subcontract between Plaintiff and Crane & Rig.  "[A] third party is entitled to enforce a breach of a contract 'only when the condition which is alleged to have been broken was placed in the contract for his direct benefit.  A mere incidental beneficiary acquires by virtue of the contractual obligation no right against the promisor or promisee.'"  *Chic Creations of Bonita Lakes Mall v. Doleac Elec. Co.*, 791 So. 2d 254, 258-59 (Miss. Ct. App. 2000) (quoting *Hartford Accident & Indem. Co. v. Hewes*, 199 So. 93, 95 (Miss. 1940)).  Plaintiff predicates its third party beneficiary argument on the claim that Davis Crane "accepted the full benefit of the price given by [Plaintiff] . . . ."  Resp. in Opp'n 7 [10].  The record does not support a conclusion that Crane & Rig's contractual requirement to pay Plaintiff

---

[1] The Complaint makes clear that Plaintiff does not allege that Davis Crane entered into a contract with a Mississippi resident.  Compl. ¶¶ 34-35, 37-38 [1-2].

was a condition placed in the subcontract for Davis Crane's "direct benefit." Plaintiff has not shown that Davis Crane was an intended third party beneficiary.[2]

(ii)  Agency Theory

Plaintiff also contends that its claims against Davis Crane fall within the contract prong of Mississippi's long arm statute based on an agency theory.  Resp. in Opp'n 6-7 [10].  Plaintiff argues, on the one hand, that Anderson was not its agent and fraudulently represented himself as being Plaintiff's representative through correspondence he sent to Davis Crane.  Compl. ¶¶ 9, 19, 20-22, 51-52 [1-2]. On the other hand, Plaintiff appears to maintain that Davis Crane "communicat[ed] directly with a representative of [Plaintiff], in Pascagoula, Mississippi, when [Davis Crane] was negotiating for the repair work[]" through Anderson.  Resp. in Opp'n 2 [10].

Aside from the contradiction inherent in this reasoning, Plaintiff has not alleged facts indicating that Plaintiff acted or conducted itself in a manner which would indicate that Anderson had apparent authority to act on Plaintiff's behalf. "In order to recover under a theory of apparent authority, the claimant must put

---

[2] Even assuming Davis Crane was an intended third party beneficiary of the subcontract between Plaintiff and Crane & Rig, Davis Crane's status as an intended third party beneficiary does not automatically render it amenable to personal jurisdiction in Mississippi. While "the long arm statute is to be construed liberally[,]" the statute "is to be applied without enlargement of its provisions." *Martin & Martin v. Jones*, 616 F. Supp. 339, 343 n.3 (S.D. Miss. 1985) (reasoning that "[u]nder Mississippi law . . . a third party beneficiary may not obtain [personal] jurisdiction over a nonresident defendant" under the contract prong of the long arm statute) (citing *Johnson v. Warnaco, Inc.*, 426 F. Supp. 44, 47 (S.D. Miss. 1976)).  The foregoing begs the question whether a finding of personal jurisdiction over Davis Crane, a nonresident, on the basis that Davis Crane was a third party beneficiary of a contract involving Plaintiff, a Mississippi resident, would effectively enlarge the provisions of the long arm statute by creating personal jurisdiction where a nonresident is merely a third party beneficiary to a contract with a Mississippi resident.  *See Jones*, 616 F. Supp. at 343 n.3.  The Court need not resolve this question, however, because the record does not support a finding that Davis Crane was an intended third party beneficiary of Plaintiff's subcontract with Crane & Rig.

forth 'sufficient evidence' of '(1) acts or conduct of the principal indicating the agent's authority, (2) reasonable reliance upon those acts by a third person, and (3) a detrimental change in position by the third person as a result of that reliance.'" *Adams Cmty. Care Ctr., LLC v. Reed*, 37 So. 3d 1155, 1160 (Miss. 2010) (quoting *Eaton v. Porter*, 645 So. 2d 1323, 1325 (Miss. 1994)). Rather than alleging facts suggesting that Plaintiff conducted itself so as to indicate that Anderson had apparent authority to act on Plaintiff's behalf, Plaintiff's allegations belie any such notion of apparent authority. *See* Compl. ¶¶ 9, 20-22, 51-52 [1-2]. Because there are no facts pleaded to support the conclusion that Anderson acted with apparent authority, Plaintiff's argument that Davis Crane believed it was contracting with Plaintiff through Anderson does not bring Davis Crane within the reach of the contract prong of Mississippi's long arm statute. In sum, Plaintiff has not demonstrated that the contract prong of Mississippi's long arm statute provides a basis for this Court's exercise of personal jurisdiction over Davis Crane.

   b.   The "Doing Business" Prong of Mississippi's Long Arm Statute

   Plaintiff contends that various letters sent from Crane & Rig to Davis Crane represent a "direct agreement between Plaintiff and Davis Crane." Resp. in Opp'n 4 [10]. Plaintiff also claims that Davis Crane "sent its very valuable [c]rane to Mississippi for the repair work to be done[,] it negotiated for the work to be performed in Mississippi[,] had weekly status meetings with the project manager located in Mississippi[,] and took full advantage of the price proposed for the work to be done in Mississippi." *Id*. at 7-8.

A key consideration in determining whether a nonresident corporation is "doing business" in Mississippi is that "the nonresident corporation must purposefully do some act or consummate a transaction in Mississippi . . . ." *Gross v. Chevrolet Country, Inc.*, 655 So. 2d 873, 877 (Miss. 1995) (citation omitted).  "[F]or the activities of a non-resident to satisfy the statutory 'doing business' requirement, they must be of 'a continuing and substantial' nature." *Medina v. Medina*, 260 F.3d 622, 2001 WL 650466, at *1 (5th Cir. May 29, 2001) (quoting *McDaniel v. Ritter*, 556 So. 2d 303, 309 (Miss. 1989)).  "[N]egotiations or solicitation for employment by a nonresident defendant from an out-of-state locus is not 'doing business' in Mississippi." *Peterson v. Test Int'l, E.C.*, 904 F. Supp. 574, 579 (S.D. Miss. 1995) (citations omitted).  In addition, "[m]erely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *McLaurin v. Nazar*, 883 F. Supp. 112, 114 (N.D. Miss. 1995) *aff'd*, 71 F.3d 878 (5th Cir. 1995) (citing *Colwell Realty Investments v. Triple T Inns*, 785 F.2d 1330, 1334 (5th Cir. 1986)).

Plaintiff has not established that Davis Crane's conduct related to the Project constitutes "doing business" in Mississippi as that prong of the long arm statute is applied.  Plaintiff was approached by Crane & Rig to perform work pursuant to a subcontract on a project that Crane & Rig was negotiating to secure from Davis Crane.  Compl. ¶ 10 [1-2].  Plaintiff does not allege in the Complaint or in opposition to Davis Crane's Motion [6] that Davis Crane sought out Plaintiff in any way, advertised the repair job in the State of Mississippi, or otherwise purposefully

availed itself of the benefits of doing business in Mississippi before Crane & Rig made contact with Plaintiff about the Project. The record does not indicate that Davis Crane conducted any activity in the State of Mississippi after this single repair project, which concluded when Crane & Rig transported the Grove Crane back to Davis Crane in Texas.

The Court finds that Davis Crane was not "doing business" in the State of Mississippi relative to the Project so as to fall within the reach of Mississippi's long arm statute. *Medina*, 2001 WL 650466, at *1 (finding that attorney's appearance *pro hac vice* in Mississippi state court action for a single child custody dispute could not be characterized as "continuing and substantial" conduct satisfying the "doing business prong" of Mississippi's long arm statute); *Roxco, Ltd. v. Harris Specialty Chemicals, Inc.*, 133 F. Supp. 2d 911, 916-17 (S.D. Miss. 2000) (reasoning that non-resident defendants did not fall under the "doing business" prong despite the fact that their representatives "occasionally visit[ed] Mississippi to view the application of the defendants' products[,]" mailed two letters to Mississippi, and made telephone calls to Mississippi because such "transient visits" and communications did not "constitute the type of consistent business contacts contemplated as 'doing business' in" Mississippi).

2.  Personal Jurisdiction Under the Due Process Clause

"Where the plaintiff alleges specific jurisdiction . . ., due process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the

exercise of jurisdiction over the defendant be fair and reasonable." *ITL Int'l., Inc. v. Constenla, S.A.,* 669 F.3d 493, 498 (5th Cir. 2012) (citations omitted). "The unilateral activity of [a plaintiff] who claim[s] some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State . . . ." *Lexware*, 688 F.3d at 222. The defendant must do some act by which it "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections'" of the forum's laws. *Id*. (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id*. (quoting *Rudzewicz*, 471 U.S. at 475).

Plaintiff asserts that Davis Crane has sufficient minimum contacts with the State of Mississippi because Davis Crane "chose" to have the Grove Crane repaired in Mississippi based on the price it was quoted by a Mississippi company, the Grove Crane was moved from Texas to Mississippi, and the work on the Grove Crane was performed in Mississippi. Resp. in Opp'n 9 [10]. The record indicates, however, that these contacts were the result of Crane & Rig's unilateral activity. Compl. ¶¶ 7-10 [1-2]. Crane & Rig approached Plaintiff about working as a subcontractor on the Project. *Id*. at ¶ 7. Plaintiff contracted with and submitted invoices to Crane & Rig rather than Davis Crane. *Id*. at ¶ 34, Ex. "A" [1-2]. Crane & Rig transported the Grove Crane to and from Mississippi. *Id*. at ¶ 25, Exs. "B" and "C". [1-2]. These

11

unilateral actions of Crane & Rig do not give rise to specific personal jurisdiction over Davis Crane. *Lexware*, 688 F.3d at 222 (citation omitted).

To the extent Plaintiff argues that Davis Crane "chose" to have the Grove Crane repaired in Mississippi due to the price offered by a Mississippi company, this fact alone is insufficient to subject Davis Crane to personal jurisdiction. *See Estate of Ainsworth v. Boutwell*, 776 F. Supp. 2d 227, 231-32 (S.D. Miss. 2011) (finding that defendant lacked minimum contacts sufficient to give rise to personal jurisdiction in the forum state where the defendant's "only connection . . . with the state . . . [was] that they entered into a contract with a resident of [the] state and communicated with him"). Having the Grove Crane repaired in the State of Mississippi, without more, is insufficient to support the exercise of specific personal jurisdiction.

Plaintiff also points to the fact that Crane & Rig submitted weekly reports from Mississippi to Davis Crane in Texas and claims that this activity gives rise to specific personal jurisdiction. Resp. in Opp'n 9 [10]. That Crane & Rig submitted weekly reports to Davis Crane pertaining to the performance of the contract is not sufficient because "communications relating to the performance of a contract themselves are insufficient to establish minimum contacts." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (citations omitted). Based on the totality of the circumstances and the record as a whole, Davis Crane's involvement with the State of Mississippi arose from Crane & Rig's unilateral act of seeking out Plaintiff to work as Crane & Rig's subcontractor on the Project. This is insufficient to support a

finding of personal jurisdiction.  Davis Crane is entitled to dismissal on the basis that this Court lacks personal jurisdiction over Davis Crane.

### III. CONCLUSION

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Defendant Davis Motor Crane Services, Inc.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Davis Motor Crane Services, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [6] is **GRANTED** and Plaintiff Industrial & Crane Services, Inc.'s claims against Davis Motor Crane Services, Inc., are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 18th day of November, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

13